IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESSIE GLANTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:11CV260-MHT |
| ) | |
| MICHELIN NORTH AMERICA USA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Leslie Glanton, filed this action on September 30, 2003, in the Circuit Court of Houston County, Alabama.  A December 16, 2003 entry on the circuit court's case action summary sheet notes that the defendant, Michelin North America USA, Inc., refused service of the complaint.  No further documents were filed in the case until January 20, 2011, when the Houston Circuit Court entered an order stating: "Case to be dismissed within 30 days here from unless significant action filed."  On February 22, 2011, Glanton filed a "Request not to Dismiss the Case" stating that she "filed this action [*pro se*] and was unaware that [Michelin] had refused service of the original complaint."  Glanton requested issuance of an alias summons and complaint, which the Circuit Court issued.  Service was completed on March 8, 2011.

On April 7, 2011, Michelin removed the case to this court.  (Doc. 1). On April 14, 2011, Michelin filed a motion to dismiss. (Doc. 5).

On June 21, 2011, this court conducted a scheduling conference, at which Glanton indicated she was having difficulty finding a lawyer to represent her in this matter. (Doc. 11).

On June 21, 2011, the court ordered Glanton to show cause on or before July 13, 2011, why the motion to dismiss should not be granted. (Doc. 12.)  In its June 21, 2011 order, this court specifically "cautioned [Glanton] that if she fails to file a response as required by this order, the court will treat her failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will dismiss this action." *Id*.

On July 13, 2011, Glanton filed a motion for additional time to respond to Michelin's motion to dismiss, in which she requested additional time to obtain a lawyer. (Doc. 15).  On July 26, 2011, this court entered an order granting Glanton's motion for additional time, allowing Glanton to file a response "[o]n or before August 8, 2011." (Doc. 16) .  In its July 26, 2011 order, this court specifically warned Glanton: "No further extensions of this matter will be allowed.  The plaintiff is cautioned that if she fails to file a response as required by this order, the court will treat her failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will dismiss this action." *Id*.

Glanton failed to file a response to Michelin's motion to dismiss.  On August 31, 2011, the Magistrate Judge entered a Report and Recommendation (Doc. 17) recommending that this case be dismissed because Glanton did not oppose the motion to dismiss.  The court further ordered that the parties file any objections to the Recommendation on or before September 14, 2011. *Id*.  Glanton did not file objections to the Recommendation of the Magistrate Judge.

On September 14, 2011, Glanton filed a motion for extension of time to file objections

to the Recommendation. (Doc. 18.). The Court denied Glanton's motion for an extension of time to file objections to the Recommendation. (Doc. 19). However, the Court set the matter for a status conference on September 27, 2011. During the status conference, the court informed Glanton that she would be given an additional thirty days to either respond to Michelin's motion to dismiss, or to have an attorney file a notice of appearance on her behalf. The court specifically warned Glanton that, unless a response to the motion to dismiss *or* a notice of appearance by an attorney representing her was filed within thirty days, the case would be dismissed. She was also advised that no further extensions would be allowed. On September 28, 2011, the court entered an order withdrawing its August 31, 2011 recommendation of dismissal and directing that, on or before October 28, 2011, "Glanton shall file a response to Michelin's motion to dismiss *or* counsel shall file a notice of appearance on her behalf in this case." (Doc. 22). The court further warned:

> ***Absolutely no further extensions with respect to this matter will be allowed.***
>
> The plaintiff is cautioned that if she fails to comply with this order, the court *will* treat her failure to comply as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned *will* recommend dismissal of this action.

(Doc. 22).

Glanton has again failed to file a response to Michelin's motion to dismiss, and counsel has not appeared on her behalf. Consequently, based on Glanton's failure to respond, the court concludes that she has abandoned her claims and has failed to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Glanton's

complaint be dismissed without prejudice for abandonment of her claims and failure to prosecute.[1]  It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **November 15, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207, 1209-11 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of November, 2011.

                                         /s/Charles S. Coody
                                         CHARLES S. COODY
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The court pretermits discussion of Michelin's motion to dismiss (Doc. 5) because the court recommends that the case be dismissed for failure to prosecute.